# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00076-MR
# [Criminal Case No. 1:11-cr-00023-MR-1]

| | |
|---|---|
| KIM EDEN KENNEDY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1].

## I.   BACKGROUND

Beginning in October 2010, detectives with the Buncombe County Sheriff's Office began investigating Petitioner Kim Eden Kennedy when they discovered an online advertisement seeking a "Casual Encounter" with a "young sexy girl or couple that is into role play . . . father daughter." [Criminal Case No. 1:11-cr-00023, Doc. 21 at 4: PSR]. Posing as the father of a thirteen-year-old girl, an undercover detective began corresponding with Petitioner in a series of online chats. [Id.]. During the chats, Petitioner expressed interest in meeting the girl. [Id.]. Petitioner

also stated that he previously had sex with girls as young as sixteen that he met online and that he had molested one of his friend's ten-year-old daughters while the girl was sleeping. [Id.].

During the online conversations, Petitioner asked for a picture of the undercover detective's daughter and asked whether the detective was interested in making money by creating images of underage girls. [Id. at 5]. Petitioner subsequently agreed to meet with the daughter in a hotel on November 23, 2010, but Petitioner did not show up at the scheduled time. [Id.]. In a subsequent message, Petitioner stated that he had arrived at the appointed location early and spotted police cars. [Id. at 5-6].

In late November 2010, officers searched Petitioner's residence and found a rifle, a handgun, and 489 rounds of ammunition. [Id. at 6]. A forensic examination of Petitioner's laptop revealed the chat logs between the undercover detective and Petitioner, as well as dozens of pornographic images and videos of young girls. [Id. at 7]. Defendant was arrested several days later on December 2, 2010. [Id. at 6].

On April 5, 2011, the Grand Jury for the Western District of North Carolina charged Petitioner in a superseding bill of indictment with possession of materials involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B); possession of a firearm by a

convicted felon, in violation of 18 U.S.C. § 922(g)(1); and coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). [Id., Doc. 6: Superseding Indictment]. Petitioner entered into a plea agreement in which he agreed to plead guilty to the count for coercion and enticement of a minor and admitted that he was "in fact guilty as charged" in that count. [Id., Doc. 15 at 1: Plea Agreement]. In exchange, the Government agreed to dismiss the possession of child pornography and firearm counts. [Id. at 1]. In light of the Government's concessions, Petitioner waived the right to contest his conviction and sentence with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at 5].

On August 4, 2011, consistent with the terms of his plea agreement, Petitioner pled guilty to the coercion charge in a plea hearing before United States Magistrate Judge Dennis L. Howell. [Id., Doc. 16: Rule 11 Inquiry and Order of Acceptance of Plea]. After placing Petitioner under oath, the Magistrate Judge read the coercion count from the superseding bill of indictment and advised Petitioner of the essential elements of that charge, including the requirement that Petitioner acted knowingly, intentionally, willfully, and unlawfully. [Id. at 3-4]. The Magistrate Judge also explained that Petitioner had the right to plead not guilty, at which point the

3

Government would be required to prove each element of the offense beyond a reasonable doubt. [Id. at 4].

Petitioner acknowledged that he understood the elements and his rights, and affirmed that he was in fact guilty, having "commit[ed] the acts described in [the coercion count] of the superseding bill of indictment." [Id. at 7]. Petitioner confirmed that his plea was "voluntary and not the result of coercion [or] threats." [Id.]. Petitioner also agreed that he "had ample time to discuss with [his] attorney any possible defenses that [he] may have to the charges," that he had "told [his] attorney everything that [he] want[ed] [his] attorney to know about this case," and that he was "entirely satisfied with the services of [his] attorney." [Id. at 8]. At the conclusion of the hearing, the Magistrate Judge found Petitioner's plea to be knowingly and voluntarily made and therefore accepted his guilty plea. [Id. at 9].

In preparation for sentencing, the probation officer prepared a presentence investigation report, noting that Petitioner faced a statutory, mandatory minimum sentence of ten years in prison for his coercion and enticement of a minor conviction. [Id., Doc. 21 at 15]. Petitioner filed a handful of factual objections to the offense conduct and related offense behavior, as well as to several of the narrative descriptions contained in the criminal history. [Id. at 17-20]. None of Petitioner's objections related to

4

the essential elements or the potential sentence. On March 15, 2012, this Court sentenced Petitioner to 120 months, the mandatory minimum sentence under the statute. [Id., Doc. 24: Judgment]. This Court entered judgment on March 22, 2012, and Petitioner did not appeal. Petitioner placed the instant motion to vacate in the prison mailing system on March 14, 2013. [Doc. 1-2].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Petitioner's Claim of Ineffective Assistance of Counsel.

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. amend. VI. To show ineffective

5

assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000). Finally, to demonstrate prejudice in the context of a guilty plea, a petitioner must be show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In

evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

In support of his claim of ineffective assistance of counsel, Petitioner does not allege that his guilty plea was unknowing or involuntary. Rather, after listing a series of perceived deficiencies in defense counsel's investigation of the facts, Petitioner claims that "were it not for [defense counsel's] failure to provide effective assistance, [he] would have insisted on going to trial and would not have pled guilty." [Doc. 1 at 12]. This claim is without merit. Petitioner was no doubt thoroughly familiar with the facts underlying his conviction. Moreover, at his Rule 11 hearing, Petitioner affirmed that he understood the charge, that he had discussed potential defenses with his attorney, and that he was, in fact, guilty of coercion and enticement. The steps that Petitioner believes defense counsel should

have taken to review the facts of his case do not amount to the "extraordinary circumstances" necessary to overcome the "strong presumption of verity" that accompanied Petitioner's sworn statements at the Rule 11 hearing. See Blackledge, 431 U.S. at 74. Accordingly, Petitioner's ineffective assistance of counsel claim fails.

### B. Petitioner's Claim of Actual Innocence.

Next, Petitioner contends that he is actually innocent of the charge of coercion and enticement of a minor. The Fourth Circuit has emphasized that "[c]laims of actual innocence . . . should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998). In fact, the Supreme Court has highlighted the "narrow scope" of such a claim, explaining that a claim of actual innocence must be based on new, reliable evidence. Calderon v. Thompson, 523 U.S. 538, 559 (1998). Given the "demanding standard," a court may only grant relief "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Wilson, 155 F.3d at 405.

In support of his actual innocence claim, Petitioner does not challenge the Government's proof as to any of the elements of coercion and enticement of a minor. Instead, Petitioner merely provides his version of events, attempting to offer an innocent explanation for his actions and

the conversations with the undercover detective. For instance, Petitioner states that he continued to communicate with the undercover detective merely because he knew that he was talking to a police officer the whole time. Petitioner contends that he continued to communicate with the undercover detective simply to catch him in his "lies" and that Petitioner never intended to actually have sex with a minor. See [Doc. 1 at 22; 33].

Petitioner's claim of actual innocence is without merit. During the Rule 11 hearing, the Magistrate Judge advised Petitioner that he had the right to plead not guilty and that the Government would have the burden of proving his guilt beyond a reasonable doubt. With that knowledge and also understanding the elements of the count of coercing and enticing a minor — including the requirement that the Government prove that Petitioner acted knowingly, willfully, intentionally, and unlawfully — Petitioner pled guilty. Petitioner's self-serving statements in his § 2255 petition do not constitute new or reliable evidence of his innocence. Accordingly, Petitioner's actual innocence claim also fails.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: October 28, 2013

Martin Reidinger
United States District Judge